# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| HAROLD D. JACKSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:22-CV-0085 SNLJ ) |
| CAPE GIRARDEAU COUNTY JAIL, et al., | ) ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon review of the plaintiff Harold D. Jackson's motion to proceed in forma pauperis and complaint. Plaintiff is a pretrial detainee currently housed at Cape Girardeau County Jail in Jackson, Missouri. For the reasons discussed below, the Court will grant plaintiff's motion to proceed in forma pauperis and assess an initial partial filing fee of $1.00. Furthermore, after reviewing the complaint in its entirety, the Court will dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court

each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

Plaintiff has not submitted a certified prison account statement. As a result, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

Plaintiff has not submitted a certified prison account statement. As a result, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff Harold Jackson, a pretrial detainee at Cape Girardeau County Jail in Jackson, Missouri, filed the instant action on June 21, 2022, on the Court's Prisoner Civil Rights Complaint form pursuant to 42 U.S.C. § 1983. Plaintiff listed six individuals and entities as defendants in this action: (1) Cape Girardeau County Jail; (2) Sergeant D. Sides; (3) Judge Unknown Miller; (4) Cape County Prosecuting Attorney's Office; (5) Tara Umfleet (private individual); and (6) Unknown Jailer, Deputies and Administration. Plaintiff is silent as to the capacity under which he is suing defendants.

Plaintiff alleges that he broke up with his ex-girlfriend, Tara Umfleet,[1] and he was assaulted by Ms. Umfleet during the break-up. He asserts that he "asked for his property back," and she slapped him. He asserts that all he did was "restrain her," but he was charged with Class D domestic assault as a result of the altercation. Plaintiff complains that despite being slapped by Ms. Umfleet, when he tried to file a police report against her, he was denied. He does not indicate

---

[1] *See* Plaintiff's Supplement to his complaint, filed on July 7, 2022. [ECF No. 9].

3

which police officer at Cape Girardeau County Police Department denied him the ability to file a police report.[2]

Plaintiff complains that Judge Miller did not believe his version of events because he was on probation for a prior gun charge and he "let his personal beliefs interfere in his choice to throw my cases out and arrest a white female." Plaintiff claims that "him, Officer Sides, and the Prosecutor all are mad cause I'm black and a white woman is involved in this case."

Plaintiff states that he has asked the Cape Girardeau County Jail Staff for a "self defense package" and he has been told to "contact a lawyer." He claims that he does not have access to a legal library at the Jail, and he believes it is a violation of his right of access to courts to not have access to a library. Last, plaintiff complains that his "bond" of $10,000 is beyond his reach, and he has been denied bond twice. Plaintiff states that he is represented by a public defender in his criminal case.

Plaintiff seeks monetary damages in this action against defendants.

## Discussion

Having carefully reviewed and liberally construed the complaint, the Court finds that plaintiff's complaint is subject to dismissal.

**A. Claims Against a Private Actor**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 685 (1978). To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the

---

[2]The Court has not been able to locate plaintiff's criminal charges on Missouri.Case.Net. However, an Order of Protection was filed against plaintiff by Ms. Umfleet on May 13, 2022, in Cape Girardeau County Court. *See Umfleet v. Jackson,* No. 22CG-PN00270 (32nd Judicial Circuit, Cape Girardeau County Court). The Court granted the Order of Protection on May 26, 2022, and it was served on plaintiff on May 27, 2022. *Id.*

4

alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

A private party may only be held liable under § 1983 "if it is a willful participant in joint activity with the State or its agents." *Gibson v. Regions Fin. Corp.,* 557 F.3d 842, 846 (8th Cir. 2009). To state a claim against a private party under § 1983, the plaintiff "must allege, at the very least, that there was a mutual understanding, or a meeting of the minds, between the private party and the state actor." *Mershon v. Beasley,* 994 F.2d 449, 451 (8th Cir. 1993).

Here, plaintiff does not allege any mutual understanding or meeting of the minds between Ms. Umfleet any state agents. Without a mutual understanding or meeting of the minds between defendant Umfleet and any state agents, this Court cannot hold Ms. Umfleet liable under § 1983 as she is not a state actor. Accordingly, the claims against her are subject to dismissal.

### B.  Claims Against Cape Girardeau County Jail and Administration

Plaintiff's claims against the Cape Girardeau County Jail and Administration are subject to dismissal. It is well-established that a department or subdivision of local government is not a "juridical," or suable entity, under 42 U.S.C. § 1983. *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (1992); *Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) (stating that "county jails are not legal entities amenable to suit"); and *De La Garza v. Kandiyohi Cty. Jail*, 18 Fed. Appx. 436, 437 (8th Cir. 2001) (affirming district court dismissal of county jail and sheriff's department as parties because they are not suable entities). Consequently, plaintiff's complaint is legally frivolous as to the local government entity defendants – Cape Girardeau County Jail and Administration.

### C. Claims Against Judge Miller

Plaintiff complains, generally, about appearing before Judge Miller, and that Judge Miller failed to believe his version of events with Ms. Umfleet. However, these claims are not enough to hold Judge Miller liable under 42 U.S.C. § 1983 for a violation of a constitutional right.

Because a judicial officer, exercising the authority in which he or she is vested, should be free to act upon their own convictions, judicial immunity provides a judge with immunity from suit. *Hamilton v. City of Hayti, Missouri*, 948 F.3d 921, 925 (8th Cir. 2020). "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). This immunity applies even when the judge is accused of acting maliciously or corruptly. *Pierson v. Ray,* 386 U.S. 547, 554 (1967). *See also Woodworth v. Hulshof*, 891 F.3d 1083, 1090 (8th Cir. 2018) (stating that "judicial immunity is not overcome by allegations of bad faith or malice"). Moreover, "a judge will not be deprived of his immunity because the action he took was in error or was in excess of his authority." *Justice Network, Inc. v. Craighead Cty.*, 931 F.3d 753, 760 (8th Cir. 2019).

Plaintiff has not indicated that Judge Miller has acted in a way to thwart his judicial immunity under § 1983. As such, his claims against Judge Miller are subject to dismissal.

### D. Official Capacity Claims Against Individual Defendants

Plaintiff's complaint is silent as to the capacity under which he is suing the individual defendants in this action. When a plaintiff's complaint does not specify whether a defendant is being sued in his individual or official capacity, the Court will interpret the claims against that defendant as including only official capacity claims. *Egerdahl v. Hibbing Cmty. Coll.,* 72 F.3d 615, 619 (8th Cir. 1995). This pleading requirement is strictly enforced by the Eighth Circuit. *See Murphy v. Arkansas,* 127 F.3d 750, 755 (8th Cir. 1997).

6

Naming an official in his or her official capacity is the equivalent of naming the government entity that employs the official. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). An official capacity suit is a "way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). In this case, the only individual defendant the Court has not yet addressed is Officer Sides, who appears to be employed by Cape Girardeau County. Unlike the Cape Girardeau County Jail, a County is as a local governing body that can be sued under 42 U.S.C. § 1983. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978).

However, to the extent the Cape Girardeau County employs defendant Sides, plaintiff's complaint fails to state a municipal liability claim. To prevail on this type of claim, the plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly v. City of Omaha, Neb.,* 813 F.3d 1070, 1075 (8th Cir. 2016). Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018).

Here, plaintiff has not alleged any facts against Cape Girardeau County to support the proposition that it has an unconstitutional policy or custom, or that it has been deliberately indifferent in failing to train or supervise its employees. Therefore, plaintiff's claim against defendant Sides in his official capacity is subject to dismissal. *See Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of Monell claim where plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights).

7

**E. Claims Against Cape Girardeau's Prosecuting Attorney's Office**

Similar to plaintiff's complaints about Judge Miller, plaintiff complains that he is not receiving a fair shake from the prosecutors assigned to his criminal case because Ms. Umfleet is white and he is black.[3] Plaintiff also believes that the prosecutors have not believed his side of the story about Ms. Umfleet because of his prior criminal history. Unfortunately, these allegations do not provide plaintiff with a constitutional means to sue the unnamed prosecutors in his criminal action in state court pursuant to 42 U.S.C. § 1983.

Prosecutors are immune from § 1983 liability so long as the actions complained of appear to be within the scope of prosecutorial duties. *Price v. Moody*, 677 F.2d 676, 677 (8th Cir. 1982). *See also Keating v. Martin*, 638 F.2d 1121, 1122 (8th Cir. 1980). The immunity enjoyed by prosecutors from § 1983 actions can be either absolute or qualified. *Brodnicki v. City of Omaha,* 75 F.3d 1261, 1266 (8th Cir. 1996). A prosecutor is entitled to absolute immunity if he or she is acting as an advocate for the State in a criminal prosecution. *Id.* On the other hand, a prosecutor is entitled to only qualified immunity when he or she pursues actions in an "investigatory" or "administrative" capacity. *Id.*

"Absolute immunity protects prosecutors against claims arising from their initiation of a prosecution and presenting a criminal case insofar as that conduct is intimately associated with the judicial phase of the criminal process." *Sample v. City of Woodbury*, 836 F.3d 913, 916 (8th Cir. 2016). For instance, "[t]he acts of preparing, signing, and filing a criminal complaint constitute prosecutorial functions, as they are advocacy on behalf of the government." *Schenk v. Chavis*, 461 F.3d 1043, 1046 (8th Cir. 2006).

---

[3]Plaintiff has failed to provide any factual allegations about his conclusory statements regarding race. And, as noted above, he has not specifically named the defendant prosecutors he is making the allegations about in this action.

8

Prosecutorial immunity depends on the functional nature of the prosecutor's activities; therefore, immunity is not defeated by "allegations of improper motive in the performance of prosecutorial functions." *Sample*, 836 F.3d at 916. Absolute immunity still applies even when there are allegations of malice, vindictiveness, or self-interest. *Reasonover v. City of St. Louis, Mo.,* 447 F.3d 569, 580 (8th Cir. 2006). Absolute immunity also "covers actions taken to initiate a prosecution, even if those actions are patently improper." *Saterdalen v. Spencer*, 725 F.3d 838, 842 (8th Cir. 2013). *See also Woodworth v. Hulshof,* 891 F.3d 1083, 1089 (8th Cir. 2018) (explaining "that a prosecutor is immune from suit even if he knowingly presented false, misleading, or perjured testimony or withheld or suppressed exculpatory evidence").

Plaintiff's complaint is completely devoid of any allegations that the prosecutors in this action acted inappropriately. He simply argues that the prosecutors in his criminal case did not believe his side of the story with respect to Ms. Umfleet. Unfortunately, as noted, above, defendant prosecutors are entitled to immunity even where there are allegations of malice or self-interest. Accordingly, plaintiff's allegations against the defendant prosecutors are subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B).

**F. Plaintiff's Bond Claims**

Plaintiff complains that his "bond" in his criminal action of $10,000 is beyond his reach, and he has been denied bond twice. Unfortunately, as indicated above, the Court has not been able to access plaintiff's criminal docket on Missouri.Case.Net. Thus, the Court is unable to access plaintiff's public defender's attempts at reducing his bond on his behalf.

The Eighth Amendment provides that: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. While the primary function of bail is to safeguard the role of courts in adjudicating the guilt or innocence of

9

defendants, the only substantive limitation is that the "conditions of release or detention not be excessive in light of the perceived evil." *United States v. Salerno*, 481 U.S. 739, 754 (1987). In determining whether bail is unconstitutional, a defendant's mere financial inability to post an amount does not automatically indicate excessiveness. *White v. United States*, 330 F.2d 811, 814 (8th Cir. 1964).

Plaintiff indicates that he has been charged with the Class D felony of domestic assault. An Order of Protection has also been filed against him by Ms. Umfleet, which is effective until May 25, 2023. *See Umfleet v. Jackson*, No. 22CG-PN00270 (32nd Judicial Circuit, Cape Girardeau County Court). At this time, the Court does cannot say that plaintiff's bail is constitutionally excessive under the Eighth Amendment such that it would overturn a state court judgment relative to bond in his state court criminal action.

### G. Access to Courts Claims

Last, plaintiff complains that he does not have access to a legal library at the Jail. The Court analyzes such a claim under the First Amendment.

The Eighth Circuit has recognized that, when bringing an access-to-courts claim, it is insufficient to merely allege a denial of access to a law library or other specific resource, even if the denial is systemic. *Sabers v. Delano,* 100 F.3d 82, 84 (8th Cir. 1996) (citing *Lewis v. Casey*, 518 U.S. 343, 353 n.4 (1996)). Instead, the plaintiff must plead (and ultimately prove) that the lack of the library or other resource deprived him of some specific opportunity to defend himself, or advance a viable legal claim, in a criminal appeal, postconviction matter, or civil rights action seeking to vindicate constitutional rights. *Id.* Speculation that injuries might occur or could have occurred is insufficient. *Hartsfield v. Nichols*, 511 F.3d 826, 833 (8th Cir. 2008) ("[a]bsent an articulation of how the alleged wrongful conduct actually blocked [the prisoner's] access to filing

a complaint, or caused a filed complaint to be deficient, [the prisoner's] alleged injuries are merely speculative"). To state a claim for a violation of this right, inmates must assert that they suffered an actual injury to pending or contemplated legal claims. *See Myers v. Hundley*, 101 F.3d 542, 544 (8th Cir. 1996). Plaintiff has failed to articulate how the alleged denial of the library at the Jail denied him the ability to advance his legal claims in a specific criminal or civil action. As such, the Court finds that plaintiff has failed to properly allege a First Amendment access to courts claim.

Accordingly,

**IT IS HEREBY ORDERED** that that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED**, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 4] is **DENIED AS MOOT**.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal shall accompany this Memorandum and Order.

Dated this 31st day of October, 2022.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE